IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3048 |
| vs. | |
| LEVI SANDERSON, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report (PSR) in this case. The defendant has filed an objection to the PSR. Filing 66.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.      The defendant has filed an objection to the PSR. Filing 66. He argues that he was a minor participant in the offense, such that he should receive a two-level downward adjustment under U.S.S.G. § 3B1.2(b), and he objects to the probation officer's finding to the contrary. PSR ¶¶ 50, 55 & p. 22. It is the defendant's burden to establish that a minor-participant reduction is warranted. *United States v. Gayekpar*, 678 F.3d 629, 639 (8th Cir. 2012). The propriety of such an adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense. *United States v. Rodriguez-Ramos*, 663 F.3d 356, 366 (8th Cir. 2011).

The Court tentatively finds that the probation officer was correct, and that the defendant is not entitled to a downward adjustment for his role in the offense. The defendant asserts that his role was limited to procuring pseudoephedrine, and points to the fact that it was his associates who actually knew how to make methamphetamine, and who actually attempted to make it. But the present offense was not complex or far-reaching in its scope: a handful of people agreed to make methamphetamine using a crude and dangerous "shake-and-bake" method. In the process, Sanderson's co-defendant suffered severe burns. Given the limited nature of the overall offense, the defendant's role was not minor. The defendant procured an essential ingredient, was aware that it was going to be used to make methamphetamine, and was present during the process when his co-defendant was injured. The Court's tentative finding is that the defendant has failed to show that his role was minor in comparison with the other participants' conduct and by comparison with the offense for which he was held accountable.

3.      Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.     If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.     Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.     Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of January, 2015.

BY THE COURT:

_____

John M. Gerrard
United States District Judge